IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GREGORY L. HAMILTON**                                                                           **PETITIONER**

v.                             NO. 4:23-cv-01007-BRW-PSH

**DEXTER PAYNE and JAMES GIBSON**                                           **RESPONDENT**

ORDER

Petitioner Gregory L. Hamilton ("Hamilton") began this case by filing a motion for leave to proceed in forma pauperis and a pleading that he represented to be a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The Court has used the occasion of examining his motion to also examine his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Liberally construing his pro se petition, he represents that he was placed in punitive isolation pending the outcome of a disciplinary hearing. He was eventually found not guilty of the disciplinary charges, but he was not returned to the general population. Instead, he has remained in punitive isolation. He asks that he be immediately released to the general population.

In Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996), the Court of Appeals had the occasion to explain the difference between a habeas corpus action and one brought pursuant to the civil rights statutes. The Court of Appeals explained the difference in the following manner:

> In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a 42 U.S.C. 1983 claim. The prisoner's label cannot be controlling. See id. at 489–90, 93 S.Ct. at 1836–37. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484, 93 S.Ct. at 1833. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. See id. at 499, 93 S.Ct. at 1841. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ. ...

See also Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014) (citing and applying Kruger).

Here, Hamilton does not challenge the validity of his conviction or the length of his detention. He instead challenges his continued housing in punitive isolation. Given the nature of the relief he seeks, the Court is not convinced that it has the power or subject matter jurisdiction to issue a writ, and this case cannot proceed as one pursuant to 28 U.S.C. 2254.

What, then, should happen next in this case? In <u>Spencer v. Haynes</u>, the United States Court of Appeals for the Eighth Circuit held that, where a petitioner has improperly raised a "potentially viable" condition-of-confinement claim in a habeas corpus proceeding, the Court should "recharacterize the claim into the correct procedural vehicle" instead of dismissing the case for lack of jurisdiction. <u>See</u> <u>Gordon v. Cain</u>, No. 2:17-cv-00114-KGB-JTK, 2018 WL 8786163, 2, (E.D. Ark. July 30, 2018), report and recommendation adopted, No. 2:17-cv-00114-KGB, 2019 WL 3059849 (E.D. Ark. July 11, 2019). Before recharacterizing the claim, though, the Court should obtain the petitioner's consent.

The Court finds that Hamilton has raised a "potentially viable" condition-of-confinement claim, which can only be raised in a complaint pursuant to 42 U.S.C. 1983. In accordance with <u>Spencer v. Haynes</u>, the Court orders the following:

1) Hamilton's motion to proceed <u>in forma pauperis</u> is held in abeyance;

2) He is given up to, and including, November 27, 2023, to notify the Court of his desire to convert this case from one pursuant to 28 U.S.C. 2254 to one pursuant to 42 U.S.C. 1983. He shall make his desire known by filing a simple statement of his consent.

3) If Hamilton elects to convert this case to one pursuant to 42 U.S.C. 1983, he should be aware that he must comply with the filing fee requirements for prisoner cases, which require paying the full $402 filing fee.  If he obtains permission to proceed in forma pauperis, though, he need only pay a $350 filing fee, and it may be paid in installments.

4) In the event Hamilton declines to consent to convert this case to one pursuant to 42 U.S.C. 1983, or otherwise fails to notify the Court by November 27, 2023, of his desire to convert this case to one pursuant to 42 U.S.C. 1983, the Court will recommend that this case be dismissed because his claim is outside the scope of 28 U.S.C. 2254.

5) Hamilton is notified of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he is directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 25th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE