# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**GREGORY L. HAMILTON**                                               **PETITIONER**

**v.**                           **NO. 4:23-cv-01007-BRW-PSH**

**DEXTER PAYNE**                                                      **RESPONDENT**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Gregory L. Hamilton ("Hamilton") challenges his continued confinement to punitive isolation. It is recommended that this case be dismissed without prejudice for a lack of jurisdiction. His claim is a potentially viable condition-of-confinement claim and outside the scope of 28 U.S.C. 2254.

Hamilton began this case by filing a petition in which he alleged that he was placed in punitive isolation pending the outcome of disciplinary charges. He was later found not guilty of the charges but never returned to the general population. Instead, he has remained in punitive isolation, where he cannot obtain good time credits or regain his class status. He asked, inter alia, that he be immediately released from punitive isolation.

The undersigned reviewed Hamilton's petition and found that he is not challenging the validity of his conviction or the length of his detention. Rather, he is challenging his continued confinement to punitive isolation. Given Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996), it appeared that this case is more in the nature of one pursuant to 42 U.S.C. 1983.[1] In

---

[1] "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996).

accordance with Spencer v. Haynes, 774 F.3d 467 (8th Cir. 2014), Hamilton was notified of his right to convert this case to one pursuant to 42 U.S.C. 1983.[2] He was cautioned that in the event he did not exercise that right, the undersigned would recommend that this case be dismissed because his claim is outside the scope of 28 U.S.C. 2254.

Hamilton filed a response to the undersigned's Order. In the response, he maintained, in part, the following:

> The Court responded and said I was not challenging the length of my sentence such as a loss of good time. I specifically told the Court that as long as I am in isolation/restrictive housing I cannot go up for parole because under current ADC policy you cannot get class in restrictive housing. This will essentially make me go flat on my sentence adding 3 years to my sentence because I have been "permanently assigned" to restrictive housing due to a disciplinary that was dismissed entirely!

See Docket Entry 4 at CM/ECF 1. He supported his assertion by citing Johnson v. Avery, 252 F.Supp. 783 (M.D. Tenn. Jan. 21, 1966), a case in which a Tennessee court held, in part, the following:

---

[2] In Spencer v. Haynes, the Court of Appeals held that, where a petitioner has improperly raised a "potentially viable" condition-of-confinement claim in a habeas corpus proceeding, the Court should "recharacterize the claim into the correct procedural vehicle" instead of dismissing the case for lack of jurisdiction. See Gordon v. Cain, No. 2:17-cv-00114-KGB-JTK, 2018 WL 8786163, 2, (E.D. Ark. July 30, 2018), report and recommendation adopted, No. 2:17-cv-00114-KGB, 2019 WL 3059849 (E.D. Ark. July 11, 2019). Before recharacterizing the claim, though, the Court should obtain the petitioner's consent.

3

> A prisoner is entitled to the writ of habeas corpus when, though lawfully in custody, he is deprived of some right to which he is lawfully entitled even in his confinement, the deprivation of which serves to make his imprisonment more burdensome than the law allows or curtails his liberty to a greater extent that the law permits.

See Id., 252 F.Supp. 786. Hamilton also asked that, given the possibility he has raised a potentially viable condition-of-confinement claim, he be allowed to simultaneously proceed pursuant to 42 U.S.C. 1983.

The undersigned reviewed Hamilton's response to the Order and expressed serious misgivings about the applicability of Johnson v. Avery, particularly in light of Kruger v. Erickson. The question was, and continues to be, whether he can proceed with the claim at bar in a case pursuant to 28 U.S.C. 2254. Rather than definitively answer that question at that time, the undersigned found it best to allow this case to move forward and obtain a response to Hamilton's petition from respondent Dexter Payne ("Payne"). The undersigned wanted to know Payne's position on whether Hamilton can proceed with the claim at bar in a case pursuant to 28 U.S.C. 2254.

Payne thereafter filed a response to Hamilton's petition. In the response, Payne addressed the question at bar and maintained that the petition should be dismissed for the following reasons:

4

> ... Hamilton's due-process claim is not cognizable in a petition for a writ of habeas corpus. His ability to earn good-time credit affects only the date he will become eligible for release on parole, and not the duration of his sentence. Additionally, the Eighth Circuit has settled that condition-of-confinement claims, like the one that Hamilton raises here, are cognizable only in complaints filed pursuant to 42 U.S.C. 1983. ...

See Docket Entry 13 at CM/ECF 5.

Hamilton filed a reply to Payne's response. In the reply, Hamilton maintained that he is, in fact, challenging the length of his detention. It was his contention that the state sentencing guidelines in effect at the time of his sentencing provide he is to serve seventy percent of his sentence in detention and the remaining thirty percent of his sentence on parole. He maintained that his continued confinement to punitive isolation prevents him from obtaining good time credits and regaining his class status, thereby lengthening the time he must spend in detention before being released on parole.

In Kruger v. Erickson, the Court of Appeals had the occasion to explain the difference between a habeas corpus action pursuant to 28 U.S.C. 2254 and a civil rights action brought pursuant to 42 U.S.C. 1983. The appellate court explained the difference as follows:

> In <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a 42 U.S.C. 1983 claim. The prisoner's label cannot be controlling. <u>See</u> <u>id</u>. at 489–90, 93 S.Ct. at 1836–37. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. <u>Id</u>. at 484, 93 S.Ct. at 1833. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. <u>See</u> <u>id</u>. at 499, 93 S.Ct. at 1841. It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ. ...

<u>See</u> <u>Kruger v. Erickson</u>, 77 F.3d at 1073. <u>See</u> <u>also</u> <u>Spencer v. Haynes</u>, <u>supra</u> (applying <u>Kruger v. Erickson</u>).

In a prior Order, the undersigned preliminarily found that Hamilton is not challenging the validity of his conviction or the length of his detention. The undersigned re-affirms that finding, again finding that he is not challenging the validity of his conviction or the length of his detention. He is instead challenging his housing assignment, specifically, his continued confinement to punitive isolation. Given the nature of the relief he seeks, the undersigned is not convinced that the federal courts have the power or subject matter jurisdiction to issue a writ, and this case should not proceed as one pursuant to 28 U.S.C. 2254.

In so finding, the undersigned accepts Hamilton's assertion that his confinement to punitive isolation prevents him from earning good time credits in the future and regaining a more favorable class status in the future. This case, then, involves his challenge to good time credits and class status he might acquire in the future. This case does not involve good time credits he earned but were later taken from him, the type of claim that may be encompassed by 28 U.S.C. 2254. See Preiser v. Rodriguez, supra; Kruger v. Erickson, supra.

In a prior Order, the undersigned preliminarily found that Hamilton has raised a potentially viable condition-of-confinement claim, one that can only be raised in a complaint pursuant to 42 U.S.C. 1983. The undersigned re-affirms that finding, again finding that he has raised a potentially viable condition-of-confinement claim, one that can only be raised in a complaint pursuant to 42 U.S.C. 1983. See Croston v. Payne, No. 4:22-cv-00616-LPR-JJV, 2022 WL 18106996 (Aug. 23, 2022), report and recommendation adopted, No. 4:22-cv-00616-LPR, 2023 WL 23806 (Jan. 3, 2023) (claim involving assignment to punitive isolation is condition-of-confinement claim).³

---

³   In so finding, the undersigned declines to follow Johnson v. Avery as it is contrary to controlling precedent in this Circuit.

7

In accordance with <u>Spencer v. Haynes</u>, Hamilton was notified of the foregoing construction of his claim and given an opportunity to consent to convert this case to one pursuant to 42 U.S.C. 1983. He was warned that in the event he declined to consent, the undersigned would recommend that this case be dismissed. Given his failure to consent, the undersigned now recommends that the case be dismissed without prejudice.

Accordingly, it is recommended that this case be dismissed without prejudice for a lack of jurisdiction. Hamilton's claim is a potentially viable condition-of-confinement claim and outside the scope of 28 U.S.C. 2254.[4] Judgment should be entered for Payne.

DATED this 14th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] The undersigned finds it unnecessary to address Payne's assertion that Hamilton's due process claim is not cognizable in a petition for a writ of habeas corpus.